# EXHIBIT A

FILED
2021 FEB 26 12:42 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 20-2-18195-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR KING COUNTY

| | |
|---|---|
| NANCY WAGNER, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>KING COUNTY, WASHINGTON; and DOES 2 through 10, inclusive,<br><br>          Defendants. | **Case No. 20-2-18195-1 SEA**<br><br>**AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. Wrongful Termination in Violation of 29 U.S.C. 2601 et al.**<br><br>**2. Wrongful Termination in Violation of RCW 48.79.010 et al.**<br><br>**JURY TRIAL DEMAND** |

AMENDED COMPLAINT - PAGE 1 OF 7

DEFIANCE LAW PLLC
7512 Bridgeport Way W, Ste A
Lakewood, WA 98499
Tele: (253) 244-7327

# COMPLAINT

## I.   PARTIES

1. This is an action by Nancy Wagner or "Plaintiff", a resident of Pierce County, Washington, who was employed by King County, Washington[1] ("KM" or "Defendant") through its transit department, King County Metro, as a Transit Parts Specialist subjected to harassment, discrimination, wrongful termination and retaliation as a result of her attempts to assert her rights under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. Section 2601 *et seq.* and the Washington State Family Leave Act ("WFLA"), RCW 49.78.010 *et seq.*

2. At all times referenced herein, Plaintiff's employer, pursuant to 26 U.S.C. Section 2611(4) and RCW 49.78.020(5) was the King County, Washington, a political subdivision of the State of Washington. King County operates its transit department, King County Metro, where Plaintiff was employed.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued in the Complaint under the fictitious names of DOES 2 through 10, inclusive, are unknown to Plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the said fictitiously named defendants are responsible in some manner for the occurrences herein alleged.

4. At all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, and joint venturers of each other, and were acting within the course and scope of said agency, employment or joint venture.

## II.   JURISDICTION & VENUE

---

[1] Previously identified as DOE 1.

AMENDED COMPLAINT - PAGE 2 OF 7

DEFIANCE LAW PLLC
7512 Bridgeport Way W, Ste A
Lakewood, WA 98499
Tele: (253) 244-7327

5. This Court has original jurisdiction over the WFLA causes of action and concurrent jurisdiction over the FMLA causes of action. The jurisdiction of this Court is invoked to secure protection of right guaranteed by federal and Washington State Law.

6. Jurisdiction is proper because Plaintiff has exhausted her administrative remedies. Plaintiff served a Claim for Damages form on the King County Office of Risk Management Services on June 30, 2020. Plaintiff received no response from the Office of Risk Management Services, King County, or King County Metro necessitating the present lawsuit. Plaintiff may therefore file this civil action in an appropriate Court pursuant to 29 U.S.C. Section 2617 and RCW 49.78.330.

7. Venue lies in this Court because a substantial number of the unlawful employment practices alleged in this action took place within this King County where Plaintiff performed her job duties on behalf of Defendant.

### III.   GENERAL FACTUAL ALLEGATIONS

8. Plaintiff was first hired by KM on April 7th, 2014 as a Transit Part Specialist.

9. In August 2019, the Plaintiff was injured on the job resulting in torn ligaments in her ankle. The Plaintiff was ordered to wear a boot and use crutches. Plaintiff took about three weeks off work to recover. Defendant improperly designated this time off for a work injury as FMLA leave.

10. On or about September 24th, 2019, Plaintiff's son suffered an asthma attack. Being the sole parent, Plaintiff applied to extend her FMLA. Plaintiff took leave from September 24th - October 2nd, 2019 to be with her son. KM agreed to allow Plaintiff to take these days off.

11.     On or about October 3, 2019, upon returning to work, Plaintiff was notified her FMLA leave had been exhausted. Plaintiff's FMLA leave had only been exhausted because Defendant improperly designated her time off for a work injury as FMLA leave. Plaintiff filed a grievance with her Union. Plaintiff's grievance was denied a few days later.

12.     On or about November 1, 2019, Plaintiff received a letter stating she was terminated. The reason behind the termination was because of six absences resulting from Plaintiff's FMLA leave being improperly exhausted. These absences came from Plaintiff taking days off to take care of her son. The Plaintiff's employer neglected to tell the Plaintiff her FMLA was used up before taking it.

13.     In November 2019 the Plaintiff's Supervisor, Michael Marks, had the Plaintiff sign her six unaccused absences to put on file so they could officially fire her.

14.     In November 2019, Plaintiff was officially terminated by her supervisor, Michael Marks.

### FIRST CAUSE OF ACTION

### Wrongful Termination in Violation of FMLA

### (29 U.S.C. Section 2601 *et seq.*)

15.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 of this Complaint as if fully alleged herein.

16.     Plaintiff, at all relevant times, was an employee, as that term is defined under 29 U.S.C Section 2611 and RCW 49.78.020, of Defendant.

17.     Plaintiff, as a result of a serious medical condition of her son, was entitled to take approved family medical leave. Defendant violated this provision by improperly designating time off for a work injury as FMLA leave. As a result, Plaintiff exhausted her FMLA leave when taking time off to care for her son.

18. Defendant, through its actions, interfered with Plaintiff's attempts to exercise her rights under FMLA and wrongfully terminated her employment in response to those attempts.

19. As a result of Plaintiff's wrongful termination, she has incurred, and continues to incur, lost wages and lost employment benefits, all within the meaning of 29 U.S.C. 2617(a), in an amount to be proven at trial. Plaintiff has further endured humiliation, embarrassment, loss of reputation, emotional distress, and mental anguish as a result of her wrongful termination.

20. Defendant's conduct described herein was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendant with a willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, such as to constitute malice, oppression, or fraud.

21. Plaintiff is further entitled to attorney's fees and costs incurred in pursuit of this action.

## SECOND CAUSE OF ACTION

### Wrongful Termination in Violation of WFLA

(49.78.010 *et seq.*)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint as if fully alleged herein.

23. Plaintiff, at all relevant times, was an employee, as that term is defined under 29 U.S.C Section 2611 and RCW 49.78.020, of Defendant.

24. Plaintiff, as a result of a serious medical condition of her son, was entitled to take family medical leave. Defendant violated the WFLA in improperly designating Plaintiff's time off for a work injury as WFLA leave, resulting in Plaintiff exhausting her WFLA leave when taking time off to care for her son.

25. Defendant, through its actions, interfered with Plaintiff's attempts to exercise her rights under WFLA and wrongfully terminated her employment in response to those attempts.

26. As a result of Plaintiff's wrongful termination, she has incurred, and continues to incur, lost wages and lost employment benefits, all within the meaning of RCW 49.78.330, in an amount to be proven at trial. Plaintiff has further endured humiliation, embarrassment, loss of reputation, emotional distress, and mental anguish as a result of her wrongful termination.

27. Plaintiff is further entitled to liquidated damages, attorney's fees and costs incurred in pursuit of this action under RCW 49.78.330.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nancy Wagner, respectfully requests that the Court issue a judgment granting her the following relief from Defendant:

a. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates in violation of FMLA or WFLA;

b. Compensatory damages for lost wages and employment benefits;

c. Compensatory damages for emotional distress, embarrassment, and humiliation, pain and suffering, mental anguish, anxiety, inconvenience, and loss of enjoyment of life;

d. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

e. Costs expended herein, including reasonable attorneys' fees;

f. Pre-judgment and post-judgment interest; and

g. Liquidated damages in an

h.  Any and all other relief to which Plaintiff may be entitled.

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

DATED this 26th day of February, 2021

_____
Kevin P. Smith, WSBA No. 48578
Attorney for Plaintiff