UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY WAGNER,<br><br>      Plaintiff,<br>  v.<br><br>KING COUNTY ET AL,<br><br>      Defendants. | CASE NO. 2:21-cv-00508-TL<br><br>ORDER REGARDING MOTION<br>TO WITHDRAW AS COUNSEL |

  This matter comes before the Court on the motion of Plaintiff's counsel to withdraw as counsel. Dkt. No. 18. The time for Plaintiff or Defendants' response to the motion has passed, and no response has been filed with the Court. Having considered the relevant record and having found this matter suitable for disposition without oral argument, Fed. R. Civ. P. 78(b), the Court hereby GRANTS the motion for the reasons explained below.

ORDER REGARDING MOTION
TO WITHDRAW AS COUNSEL - 1

## I. BACKGROUND

On January 6, 2022, counsel for Plaintiff in the present action, Mr. Kevin P. Smith, moved to withdraw as counsel of record for Plaintiff (the "Motion to Withdraw"). Dkt. No. 18; *see also* Dkt. No. 17 (supporting declaration). Mr. Smith is the sole attorney at his law firm, Defiance Law PLLC. Dkt. No. 17, ¶ 4. Mr. Smith's request to withdraw is based on two reasons: (1) He has obtained new employment with the Washington State Employment Security Department, which renders him (and his law firm) unable to continue representing clients in litigation; and (2) "irreconcilable differences and a breakdown in communication that make continued representation of Plaintiff impossible," about which he provides no details.[1] *Id.* ¶¶ 3-4.

Mr. Smith notified Plaintiff of his intent to withdraw as counsel and suggested that she seek new counsel on December 21, 2021. *Id.* ¶ 5. Mr. Smith served a copy of the Motion to Withdraw as well as the supporting declaration on his client's physical address via overnight mail and also provided a copy via electronic mail. Dkt. No. 18, at 4 (certificate of service); Dkt. No. 17, at 4 (same). He has not heard from Plaintiff on whether she has retained new counsel. Dkt. No 17, ¶ 5.

The Parties' deadline for the completion of discovery is April 29, 2022. Dkt. No. 13 (trial scheduling order). Dispositive motions are due May 31, 2022, and trial is scheduled for August 29, 2022. *Id.*

## II. DISCUSSION

"No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court," except in certain circumstances that do not apply here. LCR 83.2(b)(1). In deciding on

---

[1] Mr. Smith cites the attorney-client privilege and potential prejudice to Plaintiff's claims for his failure to provide such details, and he represents that he is willing to provide further details "in chambers" if needed. Dkt. No. 18, at 1 n.1. The Court's conclusions herein do not rely on Mr. Smith's cited reason of "irreconcilable differences."

ORDER REGARDING MOTION
TO WITHDRAW AS COUNSEL - 2

a motion to withdraw as counsel, the court "retains wide discretion in a civil case to grant or deny a motion to withdraw." *Putz v. Golden*, No. C10-0741JLR, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012); *see also LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998) (reviewing district court's denial of motion to withdraw for abuse of discretion). A motion's compliance with the technical requirements of LCR 83.2 does not guarantee withdrawal. *Putz*, 2012 WL 13019202, at *3.

As a general matter, in deciding a motion to withdraw as counsel, the court examines such relevant factors as: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*; *see also Russell v. Samec*, No. 2:20-cv-00263-RSM-JRC, 2021 WL 3130053, at *1 (W.D. Wash. July 23, 2021). In this District, "[an] attorney will ordinarily be permitted to withdraw until sixty days before the discovery [cutoff] date in a civil case." LCR 83.2(b)(1); *see also Ville v. First Choice in Home Care*, No. C17-0548JLR, 2018 WL 1040190, at *1 (W.D. Wash. Feb. 21, 2018). The consent of the client is not dispositive. *Putz*, 2012 WL 13019202, at *3.

As a threshold matter, the Motion to Withdraw appears to satisfy the technical requirements set forth in Local Civil Rule 83.2, such as the inclusion of Plaintiff's address and telephone number and a certification that the motion was served on the client and opposing counsel. *See* LCR 83.2(b)(1); Dkt. Nos. 17–18. Neither Ms. Wagner, the client, nor opposing counsel filed a response to the motion.

While the Motion to Withdraw and its accompanying declaration are fairly meager in detail, the Court finds that there is sufficient information and cause to grant the Motion. Plaintiff's counsel cannot continue to represent any client due to Mr. Smith's change in

ORDER REGARDING MOTION
TO WITHDRAW AS COUNSEL - 3

employment, resulting in his exit from private practice, and gave notice of his intent to seek to withdraw as counsel to his client now over a month ago. Dkt. No. 17, ¶¶ 4–5. This weighs heavily in favor of withdrawal. *See Abokasem v. Royal Indian Raj Int'l Corp.*, No. C-10-01781 MMC, slip op. at 3 & n.4 (N.D. Cal. June 29, 2011) (conditionally granting motion to withdraw of two attorneys who were set to retire or prevented from continuing the representation due to new employment, respectively). Mr. Smith has served Defendants with notice of his intent to withdraw from the case. *See* Dkt. No. 18, at 4 (certificate of service). There remain over three months before the April 29, 2022 deadline for the completion of discovery in the present case, which provides ample time for Plaintiff to seek new counsel and both parties to work toward the timely completion of discovery.[2] Therefore, there is little to no risk of prejudice to Defendants, harm to the administration of justice, or delay in the resolution of this case in granting the Motion to Withdraw, and no party has claimed otherwise. *See Russell*, 2021 WL 3130053, at *1.

### III.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Mr. Smith's motion to withdraw as counsel for Plaintiff Ms. Wagner (Dkt. No. 18) is GRANTED, on the condition that Mr. Smith serve a copy of this Order upon Plaintiff by certified mail (return receipt required) and email, advising her of the effect of this Order, and file proof of such service **within ten (10) days of this Order**.

---

[2] If, however, Parties find that more time is needed, Parties are directed to review the Court's Standing Order for All Civil Cases on this Court's policy and procedures on extending deadlines.  *See* https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases.pdf.

ORDER REGARDING MOTION
TO WITHDRAW AS COUNSEL - 4

2. **Within twenty-one (21) days of this Order,** Plaintiff shall file a document stating whether she intends to employ new counsel or proceed *pro se* (representing herself).

3. The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to mail a copy of this Order to Plaintiff at: 3033 S 76th St., Tacoma, WA 98409.

IT IS SO ORDERED.

Dated this 28th day of January, 2022.

Tana Lin
United States District Judge

ORDER REGARDING MOTION
TO WITHDRAW AS COUNSEL - 5