UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY WAGNER,<br><br>             Plaintiff,<br>       v.<br><br>KING COUNTY et al,<br><br>             Defendants. | CASE NO. 2:21-cv-00508-TL<br><br>ORDER OF DISMISSAL |

This matter is before the Court on its own motion, upon review of the record. For the reasons explained below, the case is DISMISSED without prejudice.

### I.   BACKGROUND

This case has been pending before the Court since April 2021. Dkt. No. 1. Following the Parties' July 30, 2021 Joint Status Report (Dkt. No. 12), the Court issued a scheduling order setting certain dates in this case, including an April 29, 2022 deadline for the completion of discovery and an August 29, 2022 trial date (Dkt. No. 13). On January 28, 2022, the Court permitted Plaintiff Ms. Nancy Wagner's prior counsel to withdraw as counsel, after he had

represented that he had notified Ms. Wagner of his intent to withdraw on December 21, 2021 and received no response. Dkt. Nos. 18, 21. Ms. Wagner was ordered to retain new counsel or indicate to the Court whether she plans to proceed *pro se*. Dkt. No. 21. On February 28, 2022, Defendant King County filed a motion to compel Ms. Wagner's responses to discovery requests, explaining that Ms. Wagner had not responded to any discovery requests and that she had not served any of her own. Dkt. Nos. 24, 25. Pursuant to the Court's March 9 minute order requesting a joint status report, Defendant King County filed on March 16 a status report representing that Ms. Wagner has not responded to multiple attempts to contact her and again that she has not participated in the discovery process. Dkt. Nos. 27, 28.

On March 24, the Court issued an Order to Show Cause, noting Ms. Wagner's lengthy absence in her case and ordering her to show cause why her case should not be dismissed. Dkt. No. 29. Ms. Wagner's time to respond expired on April 25, nearly a month ago. *Id.* Ms. Wagner has not responded to the Order to Show Cause, nor to the January 28 and March 9 orders.

II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." *See, e.g.*, *Amazon.com, Inc. v. Chun Wong*, 2021 WL 4948161, at *1 (W.D. Wash. Oct. 25, 2021) (order to show cause why case should not be dismissed for failure to prosecute); *see also Ash v. Cvetkov*, 739 F.2d 493, 496–97 (9th Cir. 1984) ("It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution."). A court must weigh five factors before dismissing a case for failure to prosecute or comply with an order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also Beck v.*

*Pike*, 2017 WL 530354, at *5 (W.D. Wash. Feb. 9, 2017) ("Dismissal is proper when at least four factors support dismissal or where at least three factors 'strongly' support dismissal."). Here, as explained below, the five factors weigh heavily in favor of dismissal.

The first three factors, the public's interest in the expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to Defendants, strongly support dismissal. The Court has the "power to manage [its] docket[ ] without being subject to the endless vexatious noncompliance of litigants . . . ." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992). Ms. Wagner has not complied with the Court's prior orders, including responding to the Court's explicit warning that her case will be dismissed without her participation. Dkt. No. 29. It appears Ms. Wagner has not responded to or served any discovery on Defendants. Dkt. No. 24, at 3. The Parties' discovery cutoff date, April 29, 2022, has now passed. *See* Dkt. No. 13 (trial scheduling order). Ms. Wagner's lack of participation has therefore resulted in a significant delay in the case, and it also has taken up both the Court's and Defendants' time and resources, even significantly impeding Defendants' ability to complete discovery before the cutoff date. *See, e.g.*, *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (prejudice to defendants can be found in failure to produce documents as ordered or from unreasonable delay); *Pagtalunan,* 291 F.3d at 642 (dismissal for failure to prosecute was appropriate where plaintiff failed to pursue the case for almost four months). Yet there has been little to no progress made toward the ultimate resolution of the case.

The public policy favoring disposition of cases on their merits weighs against dismissal, but only slightly. Given the absence of Ms. Wagner's participation in this case to assert her rights and claims, there is little indication that this case will be resolved on its merits if it were to continue. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1228 ("[T]his

factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.").

Finally, the consideration of less drastic alternatives favors dismissal of this case. This factor is ordinarily satisfied where a court has already tried alternative options before dismissing the case. *See Ferdik*, 963 F.2d at 1262. Also, a court's "warning to a party that [her] failure to obey the court's order will result in dismissal can [also] satisfy the 'consideration of alternatives' requirement." *Id.*; *accord In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1228–29. Here, as summarized above, the Court has tried multiple times over the course of several months to solicit Ms. Wagner's participation in the litigation she herself has brought. The March 24 Order to Show Cause included an explicit warning that her failure to respond would result in the dismissal of the case. Dkt. No. 29. Given Ms. Wagner's long and unexplained absence from her case, including her failure to respond to discovery requests or multiple Court orders, any other action would likely be futile. The Court has exhausted its less drastic alternative options and has provided Ms. Wagner clear notice that dismissal will occur if her non-responsiveness continues.

### III.  CONCLUSION

For the reasons above, the Court hereby ORDERS as follows:

This case is DISMISSED without prejudice. All deadlines, including the trial date, are hereby STRICKEN. The Clerk is DIRECTED to close the case.

Dated this 18th day of May 2022.

Tana Lin
United States District Judge